PORTER, Price Administrator, v.
GOLDBERG et al.

Civil Action No. 563.

District Court, D. Delaware.
July 11, 1946.

Howard L. Fussell, Enforcement Atty., of Wilmington, Del., for the Office of Price Administration.

H. Albert Young, of Wilmington, Del., for defendants.

LEAHY, District Judge.

1. In October, 1944, and up to November 27, 1944, defendants were engaged in the business of buying and selling used cars. Their main office was at 504 Madison Street, Wilmington, Delaware. The other place of business, located at 716 West 5th Street, consisted of an open lot (127' x 68') for the display, sale, repairing and reconditioning of used cars.

2. After November 27, 1944, defendants continued to maintain their principal office at 504 Madison Street, as well as the premises located at 716 West 5th Street, and in addition acquired a portion of a garage at 802–804 Tatnall Street, Wilmington, Delaware.

3. Defendant Oscar Goldberg testified he was an automobile mechanic and capable of repairing and reconditioning the automobiles which he purchased and offered for sale. The testimony that he had been a motor vehicle repair man since 1939 and was lawfully licensed to do such work under the laws of the State of Delaware and engaged in such business long before the Emergency Price Control Act, 50 U.S.C.A. Appendix, § 901 et seq., went into effect, which was in 1942, was uncontradicted.

4. After acquiring the premises at 802-804 Tatnall Street, defendant Oscar Goldberg, as well as one Abraham Horowitz, an automobile mechanic of many years experience, attended to whatever repairs were necessary to the automobiles bought and sold by defendants.

5. Since September 9, 1943, defendants were lawfully licensed by the Motor Vehicle Department of the State of Delaware to engage in the business of dealers in used cars.

6. The testimony showed that before defendants were granted a license by the Motor Vehicle Department of the State of Delaware to engage in business as dealers in used cars, according to practice and under the laws of the State of Delaware, an inspection was made of the premises, 716 West 5th Street, where the used cars were displayed for sale; and that a license to carry on such business was granted by the Motor Vehicle Department upon being satisfied that defendants were qualified and equipped for the business of buying and selling used cars. There was nothing presented by plaintiff to refute this testimony.

7. Evidence was presented on behalf of defendants that Mrs. Olive Adams, wife of a garage mechanic, who purchased an automobile from defendants in December, 1944, went to the main office at 504 Madison Street and thereafter to 716 West 5th Street, where she selected the automobile which she finally purchased. She further testified there were a considerable number of automobiles from which she could make a selection. She also testified that following the purchase, certain repairs were required to be made to the automobile, which were done to her complete satisfaction by defendant Oscar Goldberg.

8. No testimony was introduced by plaintiff to show that, in any one of the ten sales for which it is claimed defendants had no right to avail themselves of the dealers' maximum selling price, defendants were either incapable of making repairs to the automobiles or that there was a complaint by a single purchaser about the defendants' failure to make any repairs to his or her automobile purchased from defendants.

9. In all the transactions, except two, there was strict compliance by defendants as dealers. They gave the necessary warranty to each of the purchasers. Each automobile sold was in good running order.

10. Certificates of Transfer (694:758) as required under the provisions of Maximum Price Regulation 540 were in each transaction prepared by defendants as sellers, signed by seller and purchaser and thereafter submitted to the Office of Price Administration so that plaintiff at all times

was fully apprised of the defendants' business as used car dealers and the charges made by them.

11. In one transaction, in the sale of a 1940 Pontiac to Buchanan, the purchaser was advised by the Office of Price Administration to secure the return of $52.25, which was the difference between the maximum warranty price allowed used car dealers and the actual sale price and not the difference between the base price (without dealer's warranty) and the actual sale price.

12. In addition to the Buchanan sale, there was also the transaction of October 18, 1944, involving the sale of a 1939 Pontiac 2-door sedan to Wojtkiewiscz where there was an overcharge of $18.75 in excess of the dealer's warranty price.

The conclusions are

1. Defendants were used car dealers and entitled under Maximum Price Regulation 540 of the Office of Price Administration to charge the maximum dealer's price for the sale of the automobiles specifically designated by the plaintiff.

2. The charge of $18.75 in excess of the dealer's warranty price in connection with the Wojtkiewiscz sale and the charge of $52.25 in excess of the dealer's warranty price in connection with the Buchanan sale were wilful violations.

3. In no other transaction did the defendants charge in excess of the maximum dealer's warranty price which as dealers they are permitted to make under the provisions of Maximum Price Regulation 540.

4. MPR 540 provides:

"Dealer means a person engaged in whole or in part in the business of buying, selling, repairing and reconditioning used cars and who maintains a place of business for the display, sale, repairing and reconditioning of such cars." Defendants came within the definition of the regulation.

5. There is nothing in the Act or the regulation which states what specific facilities a person must have or what his qualifications must be in order to have him fall within the definition of "Dealer."

6. The proofs in the case at bar are that defendant, Oscar Goldberg, was a mechanic since 1939, long before the Emergency Price Control Act of 1942 went into effect, and that in 1943 the Motor Vehicle Department of the State of Delaware, after inspection and approval, was satisfied that defendants were qualified to engage in the business of used car dealers in the State of Delaware, and that following each and every transaction, a certificate of transfer, in accordance with OPA regulations, (694:758) was presented to the local Office of Price Administration showing that defendants were engaged as used car dealers and were charging the maximum dealer's warranty price.

7. In the two instances where defendants charged over ceiling, they should be penalized for treble damages, for on the basis they were qualified dealers they should be held to have acquaintance with the OPA regulations.

Judgment awarded plaintiff in the amount of $213.